# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-41048
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 19, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LAURO ARTURO TREVINO, JR., also known as Pelusa,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:11-CR-1667

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Lauro Arturo Trevino, Jr., pleaded guilty to conspiracy to launder money instruments and possession with intent to distribute more than 100 kilograms of marijuana. The district court sentenced him to concurrent terms of 108 months in prison on both counts, three years of supervised release for count two, and four years of supervised release for count three. Trevino appeals his sentences.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-41048

Trevino argues that his sentence is unreasonable because it is greater than necessary to meet the sentencing goals in 18 U.S.C. § 3553(a).  Pursuant to *Gall v. United States*, 552 U.S. 38, 51 (2007), this court engages in a bifurcated review of the sentence imposed by the district court.  *United States v. Delgado-Martinez*, 564 F.3d 750, 752 (5th Cir. 2009).  First, this court considers whether the district court committed a "significant procedural error," such as miscalculating the advisory guidelines range.  *Id.*  If there is no error or the error is harmless, this court may proceed to the second step and review the substantive reasonableness of the sentence imposed for an abuse of discretion.  *Id.* at 751-53.

There has been no showing of any procedural error in Trevino's sentences.  Although Trevino states that he was held responsible for 2,315 kilograms of marijuana rather than 426 kilograms of marijuana, he makes no specific argument that the district court erred in calculating his offense level based on the greater amount, other than to say that it is troubling.  *See United States v. Ballard*, 779 F.2d 287, 295 (5th Cir. 1986).  Trevino does specifically argue that the district court erred by imposing the U.S.S.G. § 3B1.1(c) enhancement for count three.  Whether a defendant was a leader or organizer under § 3B1.1 is a factual determination that is reviewed for clear error.  *United States v. Villanueva*, 408 F.3d 193, 204 (5th Cir. 2005).  The Sentencing Guidelines provide for a two-level increase if the defendant was an organizer, leader, manager, or supervisor in a criminal activity.  U.S.S.G. § 3B1.1(c).  We have upheld a § 3B1.1 enhancement where a defendant directed another in delivery of drugs or money.  *See United States v. Turner*, 319 F.3d 716, 725 (5th Cir. 2003).  Trevino has not shown that the district court clearly erred in finding that he had a supervisory role in the drug trafficking operation.  In any event, a change to the total offense level for count three, possession of

2

No. 13-41048

marijuana, would not have changed the multiple-count adjusted offense level or associated guidelines range. *See* U.S.S.G. § 3D1.4.

Sentences are reviewed for reasonableness in light of the sentencing factors in 18 U.S.C. § 3553(a). *United States v. Mares*, 402 F.3d 511, 519-20 (5th Cir. 2005). A discretionary sentence imposed within a properly calculated guidelines range is entitled to a rebuttable presumption of reasonableness. *See Rita v. United States*, 551 U.S. 338, 347 (2007). "The presumption is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). Trevino has failed to allege any specific failure in the district court's consideration of any sentencing factor. That an appellate court "might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall*, 552 U.S. at 51. Trevino's arguments do not show a clear error of judgment on the district court's part in balancing the § 3553(a) factors; instead, they constitute a mere disagreement with the weighing of those factors. *See Cooks*, 589 F.3d at 186. Accordingly, the judgment of the district court is AFFIRMED.